## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE BARNHART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-16-0629 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION GRANTING PLAINTIFF'S
### ALTERNATIVE MOTION FOR REMAND

On March 3, 2016, Andre Barnhart ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties cross-motions for summary judgment (ECF Nos. 16 and 17), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED, and Plaintiff's alternative motion for remand (ECF No. 16) is GRANTED.

### PROCEDURAL HISTORY

On January 26, 2012, Plaintiff filed a Title XVI application for supplemental security income alleging disability beginning on January 1, 2012. The claim was denied initially and upon reconsideration on March 8, 2012 and July 27, 2012, respectively. Subsequently, on August 17, 2012, Plaintiff filed a written request for a hearing and, on September 25, 2013, a hearing

was held before an Administrative Law Judge ("ALJ"). On October 1, 2013, the ALJ rendered a decision denying Plaintiff's claim for SSI. *See* ECF No. 11 at 29-43. Thereafter, Plaintiff requested review of the ALJ's decision and, on December 9, 2014, the Appeals Council granted Plaintiff's request. On January 30, 2015, the Appeals Council issued a new decision adopting the ALJ's disability determination in part and concluding that Plaintiff "has not been under a disability, as defined in the Social Security Act since January 26, 2012, the date the application was filed (20 C.F.R. 416.920(g))." ECF No. 11 at 40.  Thus, the decision rendered by the Appeals Council became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 3, 2016, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On September 11, 2016, Plaintiff filed a Motion for Summary Judgment. On November 10, 2016, Defendant filed a Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement and Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The

---

[1] On January 3, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the ALJ, acting on behalf of the Commissioner, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of 12 months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c), 416.909.

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. Social Security Ruling (SSR) 96–8p.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on his or her RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found, at step one, that Plaintiff did not engage in substantial gainful activity since the application date of January 26, 2012. ECF No. 11 at 34. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, post-traumatic stress disorder (PTSD), and hernia. *Id*. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id*. The ALJ then determined that Plaintiff had the residual functional capacity to:

> [P]erform light work as defined in 20 C.F.R. 416.967(b) except that claimant has a sit/stand option at will. The claimant must only have occasional contact with dust, odors, fumes, and pulmonary irritants. The claimant retains the ability to understand, remember, and carry instructions, which are for simple and routine

tasks. The claimant retains the ability to interact with supervisors, co-workers, and the general public on an occasional basis. The claimant retains the ability to make simple decisions occasionally. The claimant retains the ability to perform work that does not require satisfaction or production of pace. The claimant retains the ability to perform work at low stress by avoiding production standards, changes generally, and judgment changes.

*Id.* at 36. Based on the resulting RFC, the ALJ determined at step four that Plaintiff was unable to perform past relevant work.[2] Finally, at step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform." *Id.* at 39. Thus, the ALJ concluded that the claimant was not disabled. *Id.* at 40.

The Appeals Council, upon review of the ALJ's decision, adopted the ALJ's findings at steps one, two, and three of the sequential evaluation but disagreed with the ALJ's assessment of Plaintiff's RFC and past relevant work at step four. The Appeals Council found first that there was no evidence to support the limitations in Plaintiff's RFC requiring a sit/stand option at will and only occasional contact with fumes, dusts, odors, and pulmonary irritants. *Id.* at 21-25. The Appeals Council also found that Plaintiff had no past relevant work within the meaning of the regulations. *Id.* Finally, at step five, the Appeals Counsel similarly determined that "there are a significant number of jobs in the national economy, which [Plaintiff] could perform" and thus, concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 25.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) that the ALJ failed to follow the proper procedure for analyzing mental impairments; and (2) that the ALJ improperly assessed Plaintiff's residual functional capacity. Plaintiff's allegations are addressed below.

---

[2] ECF No. 11 at 39 ("[Plaintiff] is unable to perform any past relevant work (20 CFR 416.965).").

A. **The ALJ's Evaluation of the Severity of Plaintiff's Claimed Mental Impairments
   Was Improper.**

At step two of the sequential evaluation, the ALJ is required to evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [claimant] has medically determinable mental impairment(s)," and, if claimant does, then the ALJ is required to "rate the degree of functional limitation resulting from the impairment(s) in accordance with [20 C.F.R. § 416.920a(c) ] and record [its] findings as set out in [20 C.F.R. § 416.920a(e) ]." 20 C.F.R. § 416.920a(b)(2). In evaluating mental impairments specifically, the Regulations require the ALJ to follow the "special technique" as set out in 20 C.F.R. §§ 404.1520a and 416.920a. The "special technique" provides the following instructions regarding how an ALJ is to rate the degree of a claimant's functional limitations:

(c) Rating the degree of functional limitation.

(1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.

(2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.

(3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listings of Impairments.

(4) When we rate the degree of limitation in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

20 C.F.R. § 416.920a(c).

Thus, under the "special technique", an ALJ is required to rate the degree of a claimant's functional limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ uses these ratings of the degree of limitation in specified areas of function to determine the impairment's severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) calls for a finding that the impairments are not severe unless evidence indicates "more than a minimal limitation" in the claimant's ability to do basic work activities. 20 C.F.R. § 416.920a(d)(1).

In the present case, the ALJ found that Plaintiff's impairments do not satisfy the "paragraph B" criteria because the Plaintiff only had "mild restriction" in daily living; "moderate difficulties" in social functioning; "moderate difficulties" in concentration, persistence, or pace; and "one or two" episodes of decompensation of an extended duration. ECF No. 11 at 35. In addition, with regard to "paragraph C," the ALJ found that "the evidence fails to establish the presence of the "paragraph C" criteria. *Id.* The ALJ's discussion of Plaintiff's restrictions in the four functional areas consisted of the following:

The claimant has the following degree of limitation in the broad areas of functioning set out in the disability regulations for evaluating mental disorders and in the mental disorders listings in 20 C.F.R., Part 404, Subpart P, Appendix 1: mild restriction in activities of daily living, moderate difficulties in maintaining

9

social functioning, moderate difficulties in maintaining concentration, persistence
or pace, and one or two episodes of decompensation, each of extended duration.

Because the claimant's mental impairments do not cause at least two "marked"
limitations or one "marked" limitation and "repeated" episodes of
decompensation, each of extended duration, the "paragraph B" criteria are not
satisfied.

The undersigned has also considered whether the "paragraph C" criteria are
satisfied. In this case the evidence fails to establish the presence of the "paragraph
C" criteria.

ECF No. 11 at 35.

Plaintiff argues that the ALJ "failed to provide any rationale to support the degree of

functional limitation found in the four required broad areas of function" in violation of the

special technique. Plaintiff's argument primarily relies on *Chandler v. Commissioner of Social

Security*, No. SAG 15 1408, 2016 WL 750549, at \*2 (D. Md. Feb. 24, 2016), which explains the

process the ALJ must follow when evaluating mental impairments. In *Chandler*, the court stated

that it was improper for the ALJ to "simply state[ ] the degree of functional limitation in each

area, with no specific citation to the evidence of record or explanation of the reasons for each

finding." *Chandler*, 2016 WL 750549, at \*2. Here, the plaintiff argues that, like in *Chandler*, the

ALJ did not provide adequate explanation to support his conclusions. The defendant counters

that the ALJ discussed and specifically cited to the relevant evidence, and that substantial

evidence supported the ALJ's step three determination.

The Regulations specify how the findings and conclusions reached in applying the special

technique must be documented by the ALJ:

At the administrative law judge hearing and the Appeals Council levels, the
written decision issued by the administrative law judge and the Appeals Council
must incorporate the pertinent findings and conclusions based on the technique.
The decision must show the significant history, including examination and
laboratory findings, and the functional limitations that were considered in
reaching a conclusion about the severity of the mental impairment(s). The

decision must include a specific finding as to the degree of limitation in each of
the functional areas described in paragraph (c) of this section.

20 C.F.R. § 416.920a(e)(2) (emphasis added). Therefore, the ALJ is required to make a specific

finding as to the degree of limitation in each of the four functional areas as well as document, in

writing, the evidence that was considered in making those findings. 20 C.F.R. § 404.1520a(e).

Here, the ALJ's decision included specific findings as to the degree of limitation in each

of the four functional areas but contained no specific citation to the evidence considered nor any

explanation of the ALJ's reasoning in making those findings. *Id.* While ALJ's opinion addresses,

some of the limitations on Plaintiff's "daily activities" and makes mention of specific evidence

pertaining to Plaintiff's mood disorder, it includes no discussion of how that evidence was

applied in evaluating Plaintiff's limitations in the four functional areas. The ALJ did afford

substantial weight to the opinion of state agency consultant K. Wessel, Ed. D. (which explicitly

addressed Plaintiff's limitations in the four functional areas), but it is unclear whether that

opinion, alone or in conjunction with other evidence, formed the basis for the ALJ's

determination.

It remains incumbent on the ALJ to clearly articulate the reasons for his findings in each

of the functional areas. *See Kiernan v. Astrue*, 3:12CV459–HEH, 2013 WL 2323125, at *5

(E.D.Va. May 28, 2013) ("At Step 3 of the sequential analysis, the ALJ must clearly articulate

the reasons for his decision regarding a listed impairment."). In the absence of such an

explanation, the Court is unable to conduct a meaningful review of the ALJ's conclusions. *See*

*Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) ("The ALJ must provide a

discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable

meaningful judicial review." (internal quotations omitted)); *see also Cook v. Heckler*, 783 F.2d

1168, 1173 (4th Cir. 1986) ("The ALJ should have identified the relevant listed impairments. He

should then have compared each of the listed criteria to the evidence of Cook's symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.").

In light of the ALJ's failure to provide adequate explanation, remand is warranted. The ALJ should provide additional explanation of his application of the special technique and ensure that the findings made with regard to each of the four functional areas mentioned above are well-documented and supported by substantial evidence. Further, since it is unclear to what extent the ALJ's opinion as a whole addressed Plaintiff's functional limitations at step three, the assessment also plainly fails to provide the "more detailed" analysis required for the Court to meaningfully review the ALJ's determination of Plaintiff's residual functional capacity. SSA RFC Ruling, at *4. Therefore remand is appropriate. In so holding, I express no opinion as to the ALJ's ultimate disability determination.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED, and Plaintiff's alternative motion for remand (ECF No. 16) is GRANTED. The Court REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this Court's accompanying order. In so doing, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect. The clerk is DIRECTED to close this case.

Date: 24 February 2017

A. David Copperthite
United States Magistrate Judge